1
2
3
4
5
6
7

FILED
SEP 1 4 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Larry A. Burns, Judge)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER ARELLANO-FELIX,<br><br>Defendant. | Criminal Case No. 97CR2520-LAB<br><br>Date:  September 14, 2006<br>Time:  9:30 a.m.<br><br>ORDER SETTING VIDEO DEPOSITION OF MATERIAL WITNESS:<br>FRANCISCO JAVIER MESA-CASTRO |

On application of Attorney David H. Bartick, on behalf of the above-named Defendant, and good cause appearing:

1. The material witness, FRANCISCO JAVIER MESA-CASTRO, being held in custody in case number 97CR2520-LAB shall be deposed on  9-15 , 2006 at  1:30 PM , in the jury room adjacent to Courtroom 9 of the U.S. District Court, ~~designated in the United States Attorneys Office at 880 Front Street, San Diego, California, or in the Federal Courthouse~~ located at 940 Front Street, San Diego, California.

2. All parties shall attend the deposition. The ~~arresting agency~~ U.S. marshal shall bring the material witness to the deposition. ~~If any defendant is in custody, that~~ The defendant ~~or those defendants~~ shall be brought separately to the deposition. ~~A~~ One or more marshals shall remain present throughout the preceding.

3. The United States Attorney's office shall provide a videotape and audio tape operator and arrange for a court-certified interpreter to be present for the material witness, ~~if necessary.~~



1  4. The cost of the interpreter for the material witness will be borne by the United States
2  Attorney.

3  5. If the defendants need an interpreter, independent of the material witness interpreter ~~(if any)~~,
4  defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate
5  interpreter for the defendants shall be paid by the Court.

6  6. ~~A notary is to preside at the deposition~~ *The Court will preside at the deposition* in accordance with Rule 28(a), Fed.R.Civ.P. ~~The
7  U.S. Attorney's Office shall provide and pay for the notary as set forth in Fed.R.Civ.P. 28(C).~~

8  7. The deposition shall be videotape and audiotape recorded. ~~Prior to the conclusion of the
9  deposition, the deponent, or a party, may, for good faith reasons, elect to have the deponent review the
10  videotaped record of his deposition so as to check the recording for errors or omissions and to note any
11  changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such
12  writing shall be signed by the deponent.~~

13  8. The videotape operator shall select and supply all equipment required to videotape the
14  deposition and shall determine all matters of staging and technique, such as number and placement of
15  cameras and microphones, lighting, camera angle, and background. He or she shall determine these
16  matters in a manner that accurately reproduces the appearance of the witness and assures clear
17  reproduction of both the witness' testimony and the statements of counsel. The witness, or any party to
18  the action, may place upon the record any objection to the videotape operator's handling of any of these
19  matters. Such objections shall be considered by the Court in ruling on the admissibility of the video
20  record. All such objections shall be deemed waived unless made promptly after the objector knows, or
21  has reasonable grounds to know, of the basis of such objection.

22  9. The deposition shall be recorded in a fair, impartial, objective manner. The videotape
23  equipment shall be focused on the witness; however, the videotape operator may from time to time focus
24  upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

25  10. Before examination of the witness, the Assistant United States Attorney shall state on the
26  video record his or her name; the date, time and place of the deposition; the name of the witness and the
27  caption of the action; the identity of the parties and the names of all persons present in the deposition
28  room. The notary shall then swear the witness on the video record. Further, at the beginning of the

1 examination by each counsel, the counsel shall identify himself or herself and his or her respective client
2 on the record.

3     11. The videotape operator shall not stop the video recorder after the deposition commences
4 until it concludes, except, however, that any party may request a cessation for a brief recess, which
5 request will be honored unless another party objects and states the basis for said objection on the record.
6 Each time the tape is stopped or started, the operator shall announces the time on the record. If the
7 deposition requires the use of more than one tape, the end of each tape and the beginning of the next
8 shall be announced orally on the video record by the operator.
9     12. ~~Testimonial evidence objected to shall be recorded as if the objection had been overruled~~ *The Court will contemporaneously rule on objections.*
10 ~~and the court shall rule on the objections prior to admitting that portion of the deposition. The party~~
11 ~~raising the objection(s) shall be responsible for preparing a transcript for the court to consider.~~ All
12 objections to the evidence presented shall be deemed waived unless made during the deposition.

13     13. The party offering the deposition into evidence at trial shall be responsible for providing the
14 Court with a transcript of the portions so offered. The transcript will be used in lieu of contemporaneous
15 transcription by the court reporter.

16     14. Copies of all exhibits utilized during the videotaped deposition shall be attached to the
17 videotaped record.

18     15. At the conclusion of the deposition, the Government and defendants will advise the material
19 witness attorney if they intend to object to the release of the material witness. If the parties do not
20 object to the release of material witness, the Government will immediately approve the material witness'
21 release order. The Government will provide the witness with a subpoena for the trial date and a travel
22 fund advance letter.

23     16. If either party objects to the release of the material witness, the objecting party must within
24 four business hours after the deposition has concluded request a hearing on the issue before the District
25 Court. At the hearing, the objecting party must be prepared to show why live witness testimony is vital
26 to its case. If, after the hearing, the Court decides to release the material witness, the material witness
27 attorney should file the witness release order immediately. Again, the Government must serve the
28 material witness with a trial subpoena and a travel fund advance letter before the material witness is

1  released from custody.

2  17. The Assistant United States Attorney shall maintain custody of the original videotape until
3  such time as any party or the material witness' attorney requests that it be filed with the court.

4  18. Upon such request, the Assistant United States Attorney shall file this original tape with the
5  court in a sealed envelope marked with the caption of the case, the name of the witness and the date of
6  the deposition.

7  19. Upon request by either party, the Assistant United States Attorney shall provide a copy of
8  the videotaped deposition to the requesting party at the requesting party's expense.

9  20. The stenographic transcript shall be filed with the Court as necessary pursuant to the Federal
10 Rules of Civil Procedure and the Local Civil Rules of this Court, as applicable.

11 21. Unless waived by the parties, prompt notice shall be given to all parties of the filing of the
12 videotaped record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f) (3).

13
14 **IT IS SO ORDERED.**
15
16 DATED: 9-14-06

17
18                                                    _____
                                                      Hon. LARRY ALAN BURNS
19                                                    United States District Court Judge